**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02378-REB-NYW

JOHN HEWITT,
MAUREEN O'HARE,

      Plaintiffs,

v.

KENNETH S. SOULE,
PINNACLE REAL ESTATE SERVICES, INC.,
JULIE MAEDA,
THE HAVEN TEAM, LLC,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on the Unopposed Motion for Remand [#8] filed by Defendants Kenneth S. Soule, Pinnacle Real Estate Services, Inc., Julie Maeda, and The Haven Team, LLC (collectively, "Defendants") on November 3, 2015, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated November 16, 2015 [#12] and the memorandum of that same date [#13]. Having reviewed the Unopposed Motion to Remand, the entire court file, and the applicable case law, this court respectfully RECOMMENDS that the Motion be GRANTED.

**BACKGROUND**

      Plaintiffs commenced this action in a Colorado state court. At the time the case was initiated, Plaintiffs filed a Civil Cover Sheet pursuant to C.R.C.P. 16.1(b)(3), representing that

the action was not subject to C.R.C.P.'s Simplified Procedure for Civil Actions because Plaintiffs sought a monetary judgment in excess of $100,000, exclusive of interest and costs. [#1-2]. Defendants removed the action to the United States District Court for the District of Colorado, invoking diversity jurisdiction pursuant to 28 U.S.C. §1332(a). [#1].

## ANALYSIS

This court has an independent obligation to determine whether subject matter jurisdiction exists, even absent a challenge by a party. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Defendants' Notice of Removal relies in whole upon the representations made by the Plaintiffs on the Civil Cover Sheet. [#1 at 2]. While different conclusions exist within this District as to whether the representations by a plaintiff on a Civil Cover Sheet are sufficient evidence of the amount in controversy to permit removal of the action under 28 U.S.C. § 1332, this court followed the weight of authority and concluded that a Civil Cover Sheet alone cannot establish the requisite jurisdictional amount. *See, e.g., Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296 (D. Colo. 2009); *Baker v. Sears Holding Corporation*, 557 F. Supp. 2d 1208 (D. Colo. 2007). Accordingly, this court issued an Order to Show Cause as to why this matter should not be remanded to state court for failure to establish the requisite amount in controversy to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332. [#7].

In response to the Order to Show Cause, Defendants filed this instant Unopposed Motion to Remand, in which they state that remand was appropriate because "Defendants do not at this point have evidence sufficient to establish that the amount in controversy exceeds the jurisdictional threshold." [#8 at 2]. Defendants further represent that Plaintiffs do not oppose

remand of this action to the District Court for Arapahoe County, Colorado. [*Id.*] Neither party has presented any evidence to demonstrate that the amount in controversy exceeds $75,000.

In addition, the forum-defendant rule provides that a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1331(b)(2). Defendants are citizens of Colorado. [#1 at ¶ 8]. All have accepted service through counsel of record. [*Id.* at ¶ 2]. There is no indication that Plaintiffs have waived the applicability of the forum-defendant rule in this action; the court issued an Order to Show Cause within 30 days of removal; and the Unopposed Motion to Remand was filed within 30 days of removal. [#8]. *See* 28 U.S.C. § 1447(c).

Accordingly, this court respectfully **RECOMMENDS** that:

(1)     Defendants' Unopposed Motion to Remand be **GRANTED**; and

(2)     This action be **REMANDED** to the District Court for Arapahoe County, Colorado.

DATED: November 30, 2015                    BY THE COURT:

                                                                            s/Nina Y. Wang_____
                                                                            United States Magistrate Judge